IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

2010 APR 21  PM 2: 44

| | | |
|---|---|---|
| FLEMING INGRAM & FLOYD, P.C., | ) | |
| JOHN FLEMING, | ) | |
| WILLIAM M. FLEMING, and | ) | |
| WENDELL A. JENIFER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 108-075 |
| | ) | |
| CLARENDON NATIONAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

The above-captioned case is scheduled for jury selection and trial before the

Honorable Lisa Godbey Wood, United States District Judge, on June 7, 2010. By Order

dated February 10, 2010, the parties were directed to engage in good faith efforts to resolve

motions in limine and objections to exhibits and deposition testimony and to advise the Court

in a joint brief as to remaining objections. (Doc. no. 128). The parties were further advised

that any disputes not identified in the joint brief would be presumed to have been resolved

and dismissed as moot. (Id. at 2). According to the joint brief (doc. no. 136), the parties

have resolved some, but not all, of their objections to the exhibits that were initially raised

by each side (doc. nos. 126, 127).[1]  On March 30, 2010, the Court held a hearing on the motions in limine and objections to exhibits.[2]  Pursuant to that hearing, the Court's rulings on the objections to exhibits identified in the joint brief are as follows.[3]

I.     **Plaintiffs' Objections to Defendant's Exhibits**

       **Exhibits 12, 13**                                **OVERRULED**.

       These applications for malpractice coverage with Royal Surplus Lines Insurance company which do not list the Jenifer claim are admissible for impeachment evidence regarding Richard Ingram's statements that he knew about, and notified Defendant of, a potential problem with the Jenifer case.  Although the Court granted the motion in limine which requested that the parties not mention "the lack of liability insurance to compensate Mr. Jenifer" (doc. no. 136, p. 10), these exhibits are not offered for the impermissible purpose of showing that there is no other insurance available.  Rather, they are offered for the purpose of establishing knowledge, or the lack thereof, on the part of the Fleming Firm regarding a potential problem with the Jenifer case at the time that Mr. Ingram claims to have orally notified Defendant about the circumstances of the case.  To the extent that Plaintiffs

---

       [1]Accordingly, all issues previously raised in the separately filed objections to exhibits but not included in the joint brief are **DISMISSED** as **MOOT**.  The Court will address in this Order all pending objections to exhibits properly raised in the joint brief.

       [2]The Court proceeds in this Order, as it did at the hearing, under the premise that all parties have a basic familiarity with the underlying facts of the case.

       [3]The motions in limine are addressed by separate Order.

claim that the evidence is inadmissible under Fed. R. Evid. 403,[4] (doc. no. 136, p. 12), Judge Wood, as the presiding Judge who will have heard all of the testimony at trial, will be in the best position to determine whether the probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, causing undue delay, or needless presentation of cumulative evidence.

**Exhibits 14, 20, 21, 22, 27, 28, 30, 31, 32, 33, 37**      **SUSTAINED**.

As the Court explained at the hearing, these documents related to the underlying Sunset Inn litigation and Jenifer malpractice suit would do nothing more than create the impression in the minds of the jurors that with the exception of Mr. Jenifer, Plaintiffs in the case *sub judice* were simply behaving badly. The probative value of these documents regarding the details of the behind-the-scenes dealings of the opposing lawyers is minimal at best for this contract case. That the information in these documents might have some collateral impact on Mr. Ingram's credibility does not render the evidence admissible because there is a wealth of other information in the case that bears on Mr. Ingram's credibility. In sum, these exhibits are incendiary, do not promote truth finding in this contract case, and are likely to confuse the jury regarding the relationship of the parties in this case. Stated otherwise, the jurors should not be exposed to the "nitty gritty details" of the thought processes of the attorneys involved in the underlying litigation.

---

[4]Fed. R. Evid. 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**Exhibits 26, 29, 34, 36**                                    **OVERRULED**.

Although these documents also relate to the underlying Sunset Inn litigation and Jenifer malpractice suit, these documents, unlike the exhibits listed in the immediately preceding paragraph, are straight-forward documents filed in the public record concerning motions filed and rulings made in the underlying state court litigation. To that end, the transmittal letters on Exhibits 26 and 36 should be removed so that the motion for summary judgment and the ruling of the Honorable J. Carlisle Overstreet, Superior Court Judge, are presented at trial without any of the potential taint of the exhibits listed in the immediately preceding paragraph.[5] Use of these unadorned exhibits will allow Defendant to establish the relevant chronology of events and circumstances of the Fleming Firm's representation of Mr. Jenifer so that the jury can decide if insurance coverage was triggered.

**Exhibit 16**                                                  **SUSTAINED**.

Defendant stated at the hearing that this form letter, addressed to Landon D. Terry, is representative of the letters that were sent to clients when William Fleming left the Fleming Firm. However, defense counsel failed to explain the relevance of such a document in this case, particularly in light of the agreement of the parties that Exhibits 45 - 65, documents related to other malpractice claims, would be withdrawn.

---

[5]To the extent Plaintiffs are concerned that admission of Judge Overstreet's ruling would force them to "rebut any inference that the Jenifer malpractice suit is not meritorious (and that Judge Overstreet's order was properly granted)" (doc. no. 136, p. 20), Plaintiffs should consider requesting a limiting jury instruction from Judge Wood as to the purpose for which the order is admitted.

## II.    Defendant's Objections to Plaintiffs' Exhibits

**Exhibits 27, 44, 49, 50, 51, 52, 53, 54, 55, 56,**        **OVERRULED**.
**57, 58, 62, 63, 66, 67, 90, 91, 92, 93**

These exhibits are admissible for the reasons stated by Plaintiffs in the joint brief.

(Doc. no. 136, p. 25).

**Exhibits 10, 18, 74**        **OVERRULED**.

These exhibits are admissible for the reasons stated by Plaintiffs in the joint brief.

(Doc. no. 136, p. 26).

**Exhibits 11, 40**        **OVERRULED**.

These exhibits are admissible.  Because these are one-page exhibits that the parties

acknowledge are intended to be viewed in connection with other exhibits (which were not

provided to the Court), it is somewhat difficult to discern the context in which these

documents are to be offered.[6]  Nevertheless, they do appear to be from Defendant's own

records and to document the policy coverage at issue in this case.  Should Plaintiffs attempt

to use these exhibits in combination with others that would somehow otherwise make them

objectionable, Defendant should raise this issue at the appropriate time with Judge Wood.

---

[6]The Court also notes that the page comprising Exhibit 40 can also be found
contained within the voluminous Exhibit 43, at JCF 0105, but with a handwritten note from
Laura Simon.  The Court is hard-pressed to imagine why Plaintiffs would want or need both
versions submitted as exhibits, but in any event, does not discern a viable reason to exclude
Exhibit 40.

**Exhibits 16, 17**                                              **OVERRULED**.

These exhibits are admissible as tending to show Plaintiffs' theory in the case that the

Carraway insurance firm acted as an agent for Defendant in dealings with the Fleming Firm.[7]

**Exhibit 26**                                                   **OVERRULED**.

Although somewhat of a close call, this document, dated August 19, 2002, was

prepared just prior to the cancellation of the Fleming Firm's initial policy coverage on

August 29, 2002, and tends to support Plaintiffs' theory in the case that Defendant was

looking for all possible ways to distance itself from the Fleming Firm. The Court

understands Defendant's position that the exhibit references a request for new coverage that

would not relate to any coverage already in place for a potential Jenifer claim, but the gist

of the document is related to Plaintiffs' theory in the case as described above. To the extent

that Defendant argues undue prejudice under Rule 403, Judge Wood, as the presiding Judge

who will have heard all of the testimony at trial, will be in the best position to determine

whether, at the point the exhibit is introduced, Plaintiffs have veered into objectionable

material.

**Exhibit 43**                                                  **SUSTAINED IN PART**.

As set forth in the order on the motions in limine, the Court agrees that because

Plaintiffs are advancing the theory at trial that Defendant denied coverage under the

insurance policy at issue "due to the cost of settling" Mr. Jenifer's claim, the information

received and reviewed by Defendant prior to its denial of coverage is admissible to show

---

[7]The Court also notes that at the hearing, counsel urged that Exhibits 17 and 18
should be viewed together in order to best understand their meaning.

notice, intent, and motive. However, whereas in the motion in limine Defendant objected to broad topics of information without reference to any particular pieces of evidence or testimony, here, the objected-to exhibit was submitted so that the Court could specifically review the proposed evidence. Upon review of the over 350-page exhibit, the Court agrees that Exhibit 43 should not be admitted in its current form.

Notably, Exhibit 43 contains not only medical records outlining potential costs associated with the Jenifer case, but it also contains numerous other documents that would unnecessarily burden the jury or otherwise interject topics not relevant to this contract action. For example, the exhibit contains medical records related to a flexible sigmoidoscopy performed on Mr. Jenifer (JCF 0042-0044), as well as chest pain, toe nail fungus, and irritable bowel syndrome (JCF 0045-0046); the records also pertain to tests and/or treatment for certain communicable diseases (JCF 0183). The exhibit additionally contains copies of mundane administrative correspondence concerning things like submission of releases to obtain medical records (JCF 0245-0268), the cost of service of process (JCF 0243-0244), and the scheduling of Mr. Jenifer's deposition (JCF 0362-0366) in the underlying Sunset Inn litigation. Moreover, although the Exhibit also contains the complete transcript of Mr. Jenifer's deposition in the underlying litigation (JCF 0303-0320), no one has explained to the Court in briefing or at the hearing, how or why the entirety of this deposition needs to be submitted to the jury.

However, in addition to the representative sample of objectionable documents listed above, there are other documents within the voluminous exhibit are that are clearly relevant and admissible. For example, a copy of the September 27, 2002 letter from Richard Ingram

to Laura Simon describing that William M. Flemings's handling of the Jenifer case "may be a claim" is located within Exhibit 43. (JCF 0106-0107). Also, as noted above, there are medical records that would support Plaintiffs' theory of the case that Defendant was concerned about the potential costs associated with the Jenifer case.

In sum, the Court agrees with Defendant that Exhibit 43 is inadmissible in its current form, but it disagrees that all of the information contained in the exhibit should be excluded. Thus, counsel **MUST** confer prior to trial to negotiate an acceptable format for submission. Clearly, the irrelevant documents of the ilk described above should not be given to the jury *en toto*. The parties should also consider whether some of the documents within Exhibit 43 are denominated separately and have been submitted as independent exhibits. Counsel might also consider preparing an index of the documents that were reviewed by Defendant and /or a summary of the estimated costs represented in the voluminous documentation in Exhibit 43.[8]

  **Exhibits 45, 46**             **MOOT**.

At the hearing, defense counsel stated that there was no longer an objection to the admissibility of these two exhibits.

  **Exhibit 64**               **SUSTAINED**.

This email dated July 24, 2003, is too far removed in time from the operative facts of this case, and it deals with a request for coverage via a new insurance policy, not the

---

[8] As Judge Wood will be resolving any appeals of the rulings of this Court, the admissibility of a reformulated Exhibit 43 must also necessarily be submitted for Judge Wood's consideration.

policy at issue in these proceedings. Moreover, to the extent that Plaintiffs argue that the exhibit evidences Defendant's attempt to distance itself from the Fleming Firm, multiple other exhibits make this point (*e.g.*, Exhibits 17, 18, 26, 74), and given the additional factor that this "attempt at distancing" occurred in July, 2003, the Court agrees with Defendant that the exhibit is not admissible.

SO ORDERED this 21st day of April, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE