IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FLEMING INGRAM & FLOYD, P.C., JOHN FLEMING, WILLIAM M. FLEMING, and WENDELL A. JENIFER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 108-075 |
| CLARENDON NATIONAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The above-captioned case is scheduled for jury selection and trial before the Honorable Lisa Godbey Wood, United States District Judge, on June 7, 2010. By Order dated February 10, 2010, the parties were directed to engage in good faith efforts to resolve motions in limine and objections to exhibits and deposition testimony and to advise the Court in a joint brief as to remaining objections. (Doc. no. 128). The parties were further advised that any disputes not identified in the joint brief would be presumed to have been resolved and dismissed as moot. (Id. at 2). According to the joint brief (doc. no. 136), the parties have resolved all but three of the original disputes raised in Defendant's motion in limine

filed on January 22, 2010.[1] On March 30, 2010, the Court held a hearing on the motions in limine and objections to exhibits.[2] Pursuant to that hearing, the Court's rulings on the motions in limine identified in the joint brief are as follows.[3]

I. **Testimony of, or reference to, Plaintiff Jenifer's injuries, current condition and damages being sought in the underlying malpractice suit.**

Defendant requests that evidence pertaining to the following issues not be admitted:[4]

1) the injuries Mr. Jenifer alleges he received as a result of the slip and fall at the Sunset Inn;

2) the medical treatment received to treat the alleged injuries and Mr. Jenifer's current condition related to those injuries; and

3) the damages being sought by Mr. Jenifer from the Fleming firm and its lawyers in the malpractice cause of action.

(Doc. no. 136, pp. 6-7). According to Defendant, the issue of whether coverage was triggered under the terms and conditions of the insurance policy does not turn on "the significance of any underlying injuries or damages asserted against the purported insured, but rather on the conduct of the contracting parties, the insurer and insured." (Id. at 7). Thus, Defendant claims that evidence concerning the above-noted topics is irrelevant. Plaintiffs

---

[1] Accordingly, all issues previously raised in the separately filed motion in limine but not included in the joint brief are **DISMISSED** as **MOOT**. Moreover, for the sake of administrative clarity, the Clerk of Court is **DIRECTED** to **TERMINATE** Defendant's separately filed motion in limine from the motions report. (Doc. no. 120). The Court will address in this Order all pending motion in limine issues properly raised in the joint brief.

[2] The Court proceeds in this Order, as it did at the hearing, under the premise that all parties have a basic familiarity with the underlying facts of the case.

[3] The objections to exhibits are addressed by separate Order.

[4] Defendant also raised this matter in an objection to Plaintiffs' Exhibit 43. As explained in note 3, *supra*, the objections to exhibits are addressed by separate Order.

2

counter that Defendant denied coverage under the malpractice insurance policy at issue "due to the cost of settling" Mr. Jenifer's claim, and therefore the information received and reviewed by Defendant prior to its denial of coverage - including documents related to the above-noted topics - are admissible to show notice, intent, and motive. (Id. at 8). For the reasons set forth in the joint brief and explained at the hearing, Plaintiffs have the better argument.

As the Court explained at the hearing, Mr. Jenifer is a Plaintiff in this case and should not be prevented from explaining his presence at Plaintiffs' table. Moreover, the Court agrees that the evidence Defendant reviewed in making its coverage decision - in light of Plaintiffs' theory of the case that Defendant balked at coverage because of the potential cost of the Jenifer claim as compared to other claims - is relevant.[5] To the extent Defendant also argues that the information should be excluded because it is prejudicial, that argument is partially rejected. Although Fed. R. Evid. 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," the Court disagrees that the prejudice that may be caused by the admission of some of this type of evidence in the claim file submitted to Defendant is "unfair" or outweighs the probative value of the information.

However, the Court does agree with defense counsel that it would be inappropriate for an extensive exploration of issues like the multiple surgeries Mr. Jenifer may have incurred since the date the claim file was submitted to Defendant, the amount of work Mr.

---

[5]Fed. R. Evid. 401 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

3

Jenifer has missed, and/or other issues that would purely be designed to stoke the sympathy of the jury for Mr. Jenifer. Nonetheless, because Judge Wood will have heard all of the testimony at trial, she will be in the best position to determine at what point this type of evidence, if offered, veers into the improper area of being offered solely for the impermissible purpose of engendering sympathy for Mr. Jenifer's plight.[6] Accordingly, this motion in limine is **DENIED** at this pre-trial stage, with the caveat described above that Defendant should be able to raise an objection to Judge Wood should Plaintiffs attempt to use such evidence in a manner that does not relate to establishing notice, motive, knowledge, and intent of Defendant in making its coverage decision.[7]

## II. Testimony, evidence, or reference to financial worth of the parties.

Defendant seeks to exclude not only evidence pertaining to the financial circumstances of the respective parties, but also any "references to the size of the business entities, including the size of the law firm's or lawyer's practices and the number of states where [it] is authorized to, and writes policies." (Doc. no. 136, p. 9). Plaintiffs do not raise any opposition to the general proposition of excluding information on the financial

---

[6]Of course, given the Court's comments at the hearing and in this Order concerning why certain information from the claim file is admissible and that evidence post-dating submission of that file designed solely to engender sympathy for Mr. Jenifer's plight should not be admissible, the Court expects that counsel would be able to confer prior to trial to set agreed-upon parameters for this type of evidence.

[7]The Court also notes that although Defendant set forth broad categories of information to be excluded, there were no specific details about how any particular piece of evidence or expected testimony might run afoul of the rules of evidence. Moreover, to the extent that there was a specific objection raised to Plaintiffs' Exhibit 43, that exhibit is comprised of a multitude of documents, none of which were specifically discussed. As noted above, the objections to exhibits are addressed by separate Order.

circumstances of the parties, but they do want to use evidence about how the Fleming Firm operated during the relevant time period (for example, the number of attorneys) and the underwriting and claims handling practices of a national insurance company such as Defendant. (Id. at 10). For the reasons explained at the hearing, the motion is **GRANTED** as to the financial worth of the parties and as to any attempts to juxtapose the image of a huge, national firm with a small, local firm.[8] However, to the extent that Plaintiffs want to explore the underwriting and claims handling practices of Defendant, that evidence should be allowed because, after all, this is a case about how Defendant handled an attempt to make a claim based on one of Defendant's insurance policies.

III. **Testimony evidence or any reference to the lack of liability insurance to compensate Mr. Jenifer during any phase of the trial.**

At the hearing, both parties agreed that this type of evidence should be excluded, and therefore, the motion is **GRANTED**.[9]

SO ORDERED this 21st day of April, 2010, at Augusta, Georgia.

                                                     W. LEON BARFIELD
                                                     UNITED STATES MAGISTRATE JUDGE

---

[8] Stated otherwise, there will be no argument of "the elephant stomping on a fly."

[9] The issue of how to address Defendant's Exhibits 12 and 13, applications for insurance coverage with the now-dismissed Defendant Royal Surplus Lines Insurance Company, in light of this ruling on the motion in limine is addressed in the simultaneously issued Order concerning objections to exhibits.